UNPUBLISHED OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. 16-2133 (RBK/AMD) |
| v. | : | **OPINION** |
| John Alfy Salama MARKUS, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant John Alfy Salama Markus's Motion to Appoint Pro Bono Counsel. (Doc. No. 30.) Because Markus appears to have the means to pay for his own representation and is capable of representing himself, his motion is **DENIED.**

## I.    BACKGROUND

The United States filed a complaint against Markus on April 18, 2016, alleging Markus failed to report his interests in a foreign financial account as required by 31 U.S.C. § 5314. (*See* Doc. No. 1.) Markus filed a motion for appointment of pro bono counsel in which he claimed he lacked the expertise to defend himself. He represented, among other things, that (a) he spoke English as a secondary language and for him to understand the issues is "virtually impossible"; (b) the case against him involves allegations of tax fraud which are too complex for the average individual; (c) experts on foreign banking will be required because of the nature of the allegations against him; and (d) Markus is currently incarcerated.

1

On December 19, 2017, this Court held a hearing in which it learned that Markus held a Bachelor's degree, a Master's degree in engineering from the University of Cairo, and was currently earning a Master's in Business Administration. He speaks English well. He was formerly a decorated officer of the U.S. Army. And he has approximately $25,000 in an overseas account that he had previously not disclosed.

## II. STANDARD

"The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Thus, civil litigants ordinarily "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). However, in certain situations the need for representation is great, and thus district courts are granted broad discretion to request representation for an indigent civil litigant. 28 U.S.C. § 1915(e).

In evaluating a motion seeking the appointment of pro bono counsel, courts engage in a two-step inquiry. First, the Court must make a preliminary determination as to whether the litigant's argument has "has arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Second, if the Court finds that the claim or defense has such merit, the Court then balances the following nonexclusive factors set forth by the Third Circuit in *Tabron*: (1) the litigant's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the litigant can attain and afford counsel on his own behalf. *See id.* at 156–57. In balancing these factors, courts should be mindful that "volunteer

lawyer time is a precious commodity," and thus "district courts should not request counsel under § 1915(d) indiscriminately." *Id.* at 157.

## III. DISCUSSION

*Tabron* directs this Court to first evaluate whether Markus's claims have some merit in law and fact. Markus's answer to the complaint broadly denies the allegations against him. For purposes of this opinion only, the Court will assume that his defenses have some arguable merit in fact and law. We now turn to the *Tabron* factors.

The Third Circuit has stated that the most significant of the Tabron factors is a person's ability to present his own case. *Montgomery v. Pinchak*, 294 F.3d 454, 501 (3d Cir. 1997). In evaluating Markus's ability, the Court will consider his ability to understand English, his education, literacy, work experience, and prior litigation experience. *See Clayton v. Clement*, 2007 WL 1741758, at *2 (D.N.J. June 14, 2007) (citing *Tabron*, 6 F.3d at 156). Further, because Markus is a prisoner, the Court "should consider the restraints placed upon him [ ] by confinement." *Id.* (citing *Tabron*, 6 F.3d at 156). Together with Markus's capacity to present his case, the Court "must also consider the difficulty of the particular legal issues" set forth in the Complaint. *Tabron*, 6 F.3d at 156.

Markus's filings reveal a firm grasp of the English language and indicate an understanding of the claims against him. He is literate, indeed well-educated; he has a bachelor's degree, a Master's in engineering from Cairo University, and is currently enrolled in an MBA program at a major university. He served in the U.S. Army, and apparently was awarded two Silver Stars and a Purple Heart for his service. There is little reason to conclude he is not capable of defending himself.

As to the third *Tabron* factor, the Third Circuit has stated that where a person is confined to prison and that confinement limits his ability to conduct discovery, great weight will be given to the decision to appoint counsel. *See Montgomery*, 294 F.3d at 503; *Tabron*, 6 F.3d at 156. Here, however, Markus has not established that he will be unable to utilize the Federal Rules of Civil Procedure governing discovery to gather facts in support of his case. Even if Markus must engage in discovery, unless and until he is faced with issues that impede his ability to do so, he cannot show that this factor weighs in favor of requesting pro bono counsel.

When evaluating the fourth *Tabron* factor as to whether the outcome of the case will be heavily based on credibility determinations, "'courts should determine whether the case was solely a swearing contest.'" *Gonzales v. Passaic Cty. Probation*, 2005 WL 2077294, at *7 (D.N.J. Aug. 25, 2005) (citing *Parham v. Johnson*, 126 F.3d at 460). Here, although it does not appear that credibility determinations will matter much in this matter, at this early stage of the litigation the extent to which such determinations will be made is not clear. Thus, this factor neither weighs for nor against a request for pro bono counsel.

As for the other *Tabron* factors, there is no evidence at this time that this case will require expert testimony or that it is especially complex, and so these factors are accorded little weight. Last we look at the final *Tabron* factor. Markus apparently has approximately $25,000 overseas, which would provide him an easy remedy to his lack of counsel should he choose to avail himself of it. Thus the balance of the factors weighs for denial of the requested appointment of counsel.

### IV. CONCLUSION

Markus's motion is denied. An order follows.

Dated: 12/20/2017  /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

4